UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD, | No. 2: 17-cv-2675 KJN P |
| Plaintiff, | |
| v. | ORDER |
| M. KHALIT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are law librarians Khalit and Lindquist, law librarian supervisor Denneg and correctional officer Brady. Plaintiff alleges that in 2017, defendants denied him adequate access to the law library in order to prepare objections to findings and recommendations in Springfield v. Marshall, 15-8079 (C.D Cal.). Plaintiff also alleges that he was denied adequate law library access in order to prepare his opposition to a motion to dismiss/summary judgment in 15-8079. Plaintiff alleges that he required physical access to the law library in order to use the Law Library Electronic Delivery System ("LLEDS"). Plaintiff appears to allege that the only way to access recent cases cited by defendants in their pending motion was through LLEDS.

The undersigned has reviewed the docket for case no. 15-8079 filed by plaintiff in the United States District Court for the Central District of California.[1] Court records indicate that on December 12, 2016, defendants in 15-8079 filed a summary judgment motion on the grounds that plaintiff failed to exhaust administrative remedies. (Case no. 15-8079 (C.D. Cal.), ECF No. 27.) On January 18, 2017, plaintiff filed a motion for an extension of time to file an opposition to the summary judgment motion. (Id., ECF No. 30.) On January 19, 2017, the court granted plaintiff a thirty days extension of time to file his opposition. (Id., ECF No. 31.)

On February 24, 2017, plaintiff filed a 17 page opposition to the summary judgment motion. (Id.; ECF No. 33.) Plaintiff also filed an 8 page "statement of issues" in support of his opposition. (Id.; ECF No. 34.)

On May 1, 2017, the magistrate judge recommended that defendants' motion for summary judgment filed in 15-8079 be granted. (Id.; ECF No. 36.) On May 22, 2017, plaintiff filed a motion for an extension of time to file objections to the findings and recommendations on the grounds that he required law library access to prepare his objections. (Id.; ECF No. 38.) On May

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

23, 2017, the court granted plaintiff until June 26, 2017 to file his objections. (Id.; ECF No. 39.)

On June 22, 2017, plaintiff filed a second motion for an extension of time to file his objections. (Id.; ECF No. 40.) The grounds of this request were inadequate law library access. (Id.) On June 23, 2017, the court granted plaintiff until July 24, 2017 to file his objections. (Id.; ECF No 42.)

Pursuant to the mailbox rule, plaintiff filed his objections on July 1, 2017. (Id.; ECF No. 42 at 11.) Plaintiff's objections are 64 pages long, including exhibits. (Id.) Plaintiff's objections do not reference inadequate law library access. (Id.)

On December 14, 2017, plaintiff filed a motion to file an amended opposition to defendants' summary judgment motion filed in 15-8079. (Id.; ECF No. 43.) This motion does not reference inadequate law library access. (Id.) The findings and recommendations have not been ruled on by the District Court.

Prisoners have a right to meaningful access to the courts, but there is no absolute right to use a prison law library. Lewis v. Casey, 518 U.S. 343, 346 (1996). The law library is merely one way of providing access. Id. at 351. A prisoner who contends that his right of access to the courts was violated because of inadequate access to a law library must establish that (1) the access was so limited as to be unreasonable and (2) the inadequate access caused him actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). Actual injury is some specific instance in which the prisoner actually was denied access to the courts. Id. at 796.

Plaintiff's pleadings filed in 15-8079 contradict plaintiff's claims that he was unable to file an opposition and objections due to allegedly inadequate law library access. The records from 15-8079 demonstrate that the district court granted plaintiff several extensions of time to file his pleadings. Plaintiff filed both his opposition and objections. In fact, plaintiff filed his objections before the date ordered by the court in granting his second request for extension of time. Plaintiff did not inform the court that his opposition or objections were inadequate due to inadequate law library access. For these reasons, the undersigned finds that plaintiff has not pled a potentially claim alleging denial of the right to access the courts. While it is unlikely that plaintiff can cure these pleading defects, based on the record from 15-8079, plaintiff is granted

| | |
|---|---|
| 1 | thirty days to file an amended complaint. |
| 2 | If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions |
| 3 | about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. |
| 4 | Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each |
| 5 | named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is |
| 6 | some affirmative link or connection between a defendant's actions and the claimed deprivation. |
| 7 | Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 |
| 8 | (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil |
| 9 | rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). |
| 10 | In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to |
| 11 | make plaintiff's amended complaint complete. Local Rule 220 requires that an amended |
| 12 | complaint be complete in itself without reference to any prior pleading. This requirement exists |
| 13 | because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. |
| 14 | Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original |
| 15 | pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an |
| 16 | original complaint, each claim and the involvement of each defendant must be sufficiently |
| 17 | alleged. |
| 18 | In accordance with the above, IT IS HEREBY ORDERED that: |
| 19 | 1. Plaintiff's request for leave to proceed in forma pauperis is granted. |
| 20 | 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff |
| 21 | is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. |
| 22 | § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the |
| 23 | Director of the California Department of Corrections and Rehabilitation filed concurrently |
| 24 | herewith. |
| 25 | 3. Plaintiff's complaint is dismissed. |
| 26 | 4. Within thirty days from the date of this order, plaintiff shall complete the attached |
| 27 | Notice of Amendment and submit the following documents to the court: |
| 28 | a. The completed Notice of Amendment; and |

      b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: January 24, 2018

*[signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Spring2675.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>  Plaintiff,<br><br>  v.<br><br>M. KHALIT, et al.,<br><br>  Defendants. | No. 2: 17-cv-2675 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____  Amended Complaint

DATED:

_____
Plaintiff