UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. KHALIT, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-2675 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On January 24, 2018, the undersigned dismissed plaintiff's original complaint with leave to amend. (ECF No. 5.) Pending before the court is plaintiff's first amended complaint. (ECF No. 9.)

Named as defendants are Law Librarians Khalil and Lindquist, Law Librarian Supervisor Denneg and Correctional Officer Brady. (Id. at 2.) The amended complaint contains three legal claims: 1) denial of access to the courts based on inadequate law library access; 2) violation of due process; and 3) retaliation.

For the reasons stated herein, the undersigned recommends that plaintiff's access to the courts and due process claims be dismissed. Plaintiff's retaliation claim is dismissed with leave to amend.

II. Alleged Denial of Access to the Courts

*Plaintiff's Allegations*

Plaintiff alleges that on May 19, 2017, he was placed in administrative segregation ("ad seg"). (Id. at 5.) Plaintiff alleges that after his placement in ad seg, defendants denied his requests for law library access. (Id.)

Plaintiff alleges that on June 8, 2017, he submitted a Form 22 Request for Interview, in which he requested physical access to the law library. (Id.) On June 12, 2017, defendant Khalil responded to plaintiff's request. (Id. at 6.) Plaintiff disagreed with defendant Khalil's response, so he sought review at the Supervisor level of review. (Id.)

Exhibit B is the Form 22 Request for Interview plaintiff alleges he submitted June 8, 2017. (Id. at 21.) In this form, plaintiff requested law library access before June 26, 2017, so that he could do legal research for case no. 15-cv-8079. (Id.) On June 12, 2017, defendant Khalil responded that plaintiff's request for Preferred Legal User ("PLU") status until June 26, 2017, was accepted. (Id.) Defendant Khalil also wrote, "come to the library when you are ducated." (Id.) On June 14, 2017, plaintiff requested that a supervisor review defendant Khalil's response because he had been denied law library access. (Id.) On June 23, 2017, defendant Denneg responded that the law library log book indicated that plaintiff had refused escort on June 8, 2017, and June 15, 2017. (Id.)

Plaintiff alleges that on June 23, 2017, defendant Denneg falsely claimed that plaintiff had refused to be escorted to the law library. (Id. at 6.) Plaintiff alleges that he did not receive a ducat for the law library. (Id.) Plaintiff alleges that he did not refuse escort to the law library from defendant Brady, who was responsible for making sure ad seg inmates received law library access. (Id. at 6-7.)

Plaintiff alleges that in July 2017, he submitted another Form 22 Request for Interview requesting physical law library access. (Id. at 7.) Attached to the amended complaint is a Form 22 submitted by plaintiff on July 9, 2017. (Id. at 30.) On July 11, 2017, defendant Lindquist responded to this request. (Id.) Defendant Lindquist wrote that plaintiff was on the GLU waiting list until August 6, 2017. (Id.) Defendant Lindquist wrote that when space became available,

plaintiff would be ducated for the library. (Id.) On July 13, 2017, plaintiff requested that a supervisor review defendant Lindquist's response. (Id.) Plaintiff stated that if he had to wait until August 6, 2017, to go to the law library, that would exceed the 16 days deadline for the GLU waiting list. (Id.)

On July 14, 2017, plaintiff filed a grievance (as opposed to a Form) 22 Request for Interview) alleging that he was being denied physical law library access. (Id. at 32.) In this grievance, plaintiff alleged that his alleged inadequate law library access had an "adverse effect" on his ability to litigate case no. 15-cv-8079. (Id. at 33.)

Plaintiff alleges that on June 15, 2017, and July 20, 2017, defendant Khalil failed to send an escort officer to transport plaintiff to the law library as a PLU legal user. (Id. at 9.) Plaintiff also alleges that on June 15, 2017, and July 20, 2017, defendant Brady received a ducat for plaintiff to attend the law library, but failed to issue the ducat. (Id. at 9.)

On July 30, 2017, plaintiff notified defendant Lindquist of his need for physical access to the law library and the LLEDS computer in the law library by way of another Form 22. (Id. at 35.) In this Form 22, plaintiff requested physical law library access on August 3, 2017 in order to complete research for 15-8079. (Id.) On August 1, 2017, defendant Lindquist responded that plaintiff's PLU status expired on July 24, 2017. (Id.) On August 1, 2017, plaintiff requested that a supervisor review defendant Lindquist's response. (Id.) Plaintiff wrote, "I now request GLU status…see attached form." (Id.)

Plaintiff alleges that on July 31, 2017, defendant Denneg responded to one of the many Form 22s submitted by plaintiff requesting law library access. (Id. at 11.) Defendant Denneg allegedly responded that law library space was scarce and not guaranteed. (Id.)

On August 13, 2017, plaintiff submitted another Form 22 requesting physical law library access. (Id. at 37.) Plaintiff wrote that he had not received a ducat or been asked by custody staff if he wanted law library access. (Id.) Plaintiff wrote, "Please ducat me for 8-17-17." (Id.) On August 14, 2017, defendant Khalil responded, "You are on our GLU list and you will be ducated accordingly." (Id.)

////

3

On August 10, 2017, Sergeant Villa interviewed plaintiff regarding the grievance he submitted alleging inadequate law library access. (Id. at 8.) Plaintiff told Sergeant Villa that defendant Brady had not escorted him to the law library. (Id.) Sergeant Villa emailed defendant Lindquist who apparently had plaintiff escorted to the law library on August 17, 2017. (Id.)

Attached to the amended complaint is a copy of the August 16, 2017 response to plaintiff's grievance for which Sergeant Villa interviewed plaintiff. (Id. at 39-40.) This response, prepared by Associate Warden Meier, states that plaintiff alleged in the grievance that he was denied PLU status for case 15-8079. (Id.) Associate Warden Meier partially granted plaintiff's grievance, finding that plaintiff's request for law library access had always been granted. (Id.)

The undersigned observes that in his response, Associate Warden Meier states,

> A review of the appellant's Offender Appointments (see attached) documents the appellant was ducated on June 8, 2017, as a PLU from 0800 hours to 1000 hours. The attached Library Journal reflects the appellant refused to attend.
>
> On June 15, 2017, the appellant was again ducated for the Law Library as a PLU from 0800 hours to 1000 hours (see attached). The appellant again refused to go the Law Library (see Library Journal).
>
> On June 22, 2017, the appellant was again ducated for the Law Library as PLU from 0800 hours to 1000 hours (see attached).
>
> The appellant was identified as a PLU on June 12, 2017 through June 26, 2017; and a General Legal User (GLU) on July 6, 2017, through August 7, 2017. PLU inmates shall receive a minimum of four hours per calendar week of requested physical access of the law library, as resources are available, and shall be given higher priority to law library resources and custody escorts. The GLU inmates may receive a minimum of two hours per calendar week of requested physical access, as resources are available. When a GLU inmate is unable to physically access the library, an inmate may request access to legal material via "paging" where law library staff delivers the requested materials to the inmate.
>
> Upon further review of the CDCR 602 Inmate Appeal Form, and the attached CDCR Form 22's, Inmate Request for Interview dated June 8, 2017 and July 2, 2017; it was discovered appellant was in direct communication with law library staff who not only granted him access to the law library during his classified PLU period, but was also directed to use the CSP-SAC's law library paging system during his GLU period.
>
> In conclusion, the appellant's requests to have access to the law library for inmates housed in CSP-SAC to have access to law library resources, and to not suffer reprisal for filing this appeal has always

4

> been granted. However, the appellant's request to be monetarily compensated for not meeting a June 26, 2017 court deadline has been denied as it has been proved that CSP-SAC has afforded law library services to the appellant, and has followed all law library policies and procedures, thereby relieving itself of any responsibility of the court deadline.

(Id. at 39-40.)

*Discussion*

As to each defendant, plaintiff makes the following specific claims. Plaintiff alleges that on June 15, 2017, and July 20, 2017, defendant Khalil failed to provide plaintiff with an escort officer to take plaintiff to the law library. (Id. at 9.) Plaintiff alleges that on June 15, 2017, and July 20, 2017, defendant Brady received ducats for plaintiff to attend the law library, but failed to issue the ducats to plaintiff. (Id.) Plaintiff alleges that on July 11, 2017, and August 1, 2017, defendant Lindquist failed to provide plaintiff with physical law library access. (Id. at 10.) Plaintiff alleges that on July 31, 2017, defendant Denneg failed to provide plaintiff with physical law library access. (Id. at 11.)

Prisoners have a right to meaningful access to the courts, but there is no absolute right to use a prison law library. Lewis v. Casey, 518 U.S. 343, 346 (1996). The law library is merely one way of providing access. Id. at 351. A prisoner who contends that his right of access to the courts was violated because of inadequate access to a law library must established that 1) the access was so limited as to be unreasonable; and 2) the inadequate access caused him actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). Actual injury is some specific instance in which the prisoner actually was denied access to the courts. Id. at 796.

As made clear by the exhibits attached to the amended complaint, plaintiff is alleging that inadequate law library access made him unable to prosecute case no. 15-8079. Plaintiff raised the same claim in the original complaint. In the order dismissing the original complaint with leave to amend, the undersigned found that the record from case 15-8079 did not support plaintiff's claim alleging denial of access to the courts. The undersigned restates the summary of the record from case no. 15-8079 herein.

////

Plaintiff filed case no. 15-8079 in the United States District Court for the Central District of California.¹ Court records indicate that on December 12, 2016, defendants in case 15-8079 filed a summary judgment motion on the grounds that plaintiff failed to exhaust administrative remedies. (Case no. 15-8079 (C.D. Cal.), ECF No. 27.) On January 18, 2017, plaintiff filed a motion for an extension of time to file an opposition to the summary judgment motion. (Id., ECF No. 30.) On January 19, 2017, the court granted plaintiff a thirty-days extension of time to file his opposition. (Id., ECF No. 31.)

On February 24, 2017, plaintiff filed a 17-pages long opposition to the summary judgment motion. (Id.; ECF No. 33.) Plaintiff also filed an 8-page "statement of issues" in support of his opposition. (Id.; ECF No. 34.)

On May 1, 2017, the magistrate judge recommended that defendants' motion for summary judgment filed in case 15-8079 be granted. (Id.; ECF No. 36.) On May 22, 2017, plaintiff filed a motion for an extension of time to file objections to the findings and recommendations on the grounds that he required law library access to prepare his objections. (Id.; ECF No. 38.) On May 23, 2017, the court granted plaintiff until June 26, 2017 to file his objections. (Id.; ECF No. 39.)

On June 22, 2017, plaintiff filed a second motion for an extension of time to file his objections. (Id.; ECF No. 40.) The grounds of this request were inadequate law library access. (Id.) On June 23, 2017, the court granted plaintiff until July 24, 2017 to file his objections. (Id.; ECF No 42.)

Pursuant to the mailbox rule, plaintiff filed his objections on July 1, 2017. (Id.; ECF No. 42 at 11.) Plaintiff's objections were 64-pages long, including exhibits. (Id.) Plaintiff's objections do not reference inadequate law library access. (Id.)

On December 14, 2017, plaintiff filed a motion to file an amended opposition to defendants' summary judgment motion filed in case 15-8079. (Id.; ECF No. 43.) This motion does not reference inadequate law library access. (Id.)

////

---

¹ Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978).

Plaintiff's pleadings filed in case 15-8079 contradict plaintiff's claims that inadequate law library access prevented him from filing pleadings in this case, or otherwise accessing the court, as alleged in the amended complaint. The records from case 15-8079 demonstrate that the district court granted plaintiff several extensions of time to file his pleadings. Plaintiff filed both his opposition to the summary judgment motion and objections to the findings and recommendations. In fact, plaintiff filed his objections before the date ordered by the court in granting his second request for extension of time. Plaintiff did not inform the court that his opposition or objections were inadequate due to inadequate law library access. For these reasons, the undersigned finds that plaintiff has not demonstrated that he suffered an actual injury due to inadequate law library access. Accordingly, the undersigned recommends that this claim be dismissed.

### B. Alleged Violation of Due Process

Plaintiff alleges that defendants violated his right to due process by falsifying documents. (ECF No. 9 at 12.) In particular, plaintiff alleges that on June 15, 2017, and June 29, 2017, defendants Khalil and Brady falsely recorded in the Offender Appointment Log Book that plaintiff refused to attend the law library. (Id.)

Plaintiff's claim that defendants Khalil and Brady falsely recorded that he refused to be escorted to the law library does not state a potentially colorable due process claim. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); Solomon v. Meyer, 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no due process right to be free from false disciplinary charges."); Johnson v. Felker, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.")

Accordingly, plaintiff's due process claim should be dismissed.

### C. Alleged Retaliation

Plaintiff alleges that defendants denied him law library access in retaliation for filing a 602 grievance that affected the ad seg prison population. (Id. at 15.) In support of this claim, plaintiff cites the allegations made in support of his claim alleging denial of access to the courts.

(Id.)

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the [detention] context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that [inmate's] protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012)

Plaintiff does not specifically identify the 602 grievance defendants allegedly retaliated against him for filing. Accordingly, the undersigned assumes that the grievance to which plaintiff refers is the only grievance identified in the amended complaint, i.e, the grievance plaintiff filed on July 14, 2017, alleging inadequate law library access. This is the only grievance attached to the amended complaint. (See ECF No. 9 at 32-33.) The grievance form indicates that Sergeant Villa interviewed plaintiff regarding the grievance on August 10, 2017. (Id. at 32.) On August 16, 2017, Associate Warden Meier granted the grievance, in part, at the First Level of Review. (Id. at 39-40.) The undersigned quoted from Associate Warden Meier's response above.

Plaintiff filed his grievance on July 14, 2017. Thus, plaintiff is claiming that defendants denied him law library access after that date in retaliation for filing the grievance. Plaintiff alleges the following instances of alleged denial of law library access after July 14, 2017: 1) on July 20, 2017, defendant Khalil failed to send an escort officer to transport plaintiff to the law library as a PLU user; 2) on July 20, 2017, defendant Brady received but failed to issue a ducat for plaintiff to attend the law library; 3) on August 1, 2017, defendant Lindquist responded to plaintiff's request for law library access by informing plaintiff that his PLU status expired on July 24, 2017; 4) on July 31, 2017, defendant Denneg responded to plaintiff's request for law library access by stating that law library space was scarce and not guaranteed; and 5) on August 14, 2017, defendant Khalil responded to plaintiff's request for law library access by stating that

8

plaintiff was on the GLU list and would be ducated accordingly.

To put plaintiff's retaliation claims in context, the undersigned sets forth the relevant regulation regarding inmate law library access, referred to by Associate Warden Meier in his response to plaintiff's grievance. California Code of Regulations, Title 15, Section 3123(b) addresses law library access for inmates with Preferred Legal User ("PLU") status and inmates with General Legal User ("GLU") status:

> (b) All inmates, regardless of their classification or housing status, shall be entitled to physical law library access that is sufficient to provide meaningful access to the courts. Inmates on PLU status may receive a minimum of 4 hours per calendar week of requested physical law library access, as resources are available, and shall be given higher priority to the law library resources. Inmates on GLU status may receive a minimum of 2 hours per calendar week of requested physical law library access, as resources are available.

Plaintiff's retaliation claim is difficult to evaluate because the amended complaint does not clearly identify when plaintiff had GLU and PLU status. The exhibits attached to the amended complaint are also not clear regarding this matter. For example, in his response to plaintiff's grievance, Associate Warden Meier states that plaintiff had PLU status on June 12, 2017, through June 26, 2017, and GLU status on July 6, 2017, through August 7, 2017. (ECF No. 9 at 40.) However, defendant Lindquist's response to plaintiff's August 22, 2017, Form 22 Request for Interview states that plaintiff's PLU expired on July 24, 2017. (Id. at 35.)

If plaintiff had GLU status on July 20, 2017, then defendants Khalil and Brady did not retaliate against plaintiff on that date by failing to have him transported to the law library as a PLU user. If plaintiff had GLU status on the other dates defendants allegedly denied him law library access in their responses to his Form 22 Requests, i.e., July 31, 2017, August 1, 2017, and August 14, 2017, then defendants properly responded to these requests. The undersigned cannot determine whether plaintiff has stated a potentially colorable retaliation claim because plaintiff does not clearly identify the dates he had PLU and GLU status during the relevant time period.

Plaintiff is granted leave to amend with respect to his retaliation claim. If plaintiff files a second amended complaint, he must clearly identify the dates of his PLU and GLU status. Plaintiff must also clearly identify the retaliatory conduct he alleges defendants committed.

9

Conclusion

The undersigned has spent considerable time reviewing plaintiff's original and amended complaints. It does not appear that plaintiff can cure the pleading defects discussed above with respect to his claims alleging denial of access to the courts and due process. Accordingly, the undersigned recommends that these claims be dismissed. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant must be given leave to amend, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies could not be cured by amendment).

Plaintiff is granted thirty days to file a second amended complaint with respect to his retaliation claim only. Plaintiff shall not include his access to the courts and due process claims in a second amended complaint.

Plaintiff has also filed a motion requesting that the court order prison officials to return funds to his trust account. (ECF No. 10.) Plaintiff alleges that he owes filing fees in several cases. Plaintiff alleges that prison officials have overcharged plaintiff's trust account for the filing fees owed. Plaintiff alleges that prison officials charged a $3134.68 encumbrance fee to his trust account. Plaintiff cites exhibit B attached to the motion as evidence of this encumbrance fee, but the court cannot locate an exhibit B attached to plaintiff's motion.

The Financial Office of the Clerk of the Court has informed the undersigned that plaintiff's filing fee for the instant action has not been overpaid. Plaintiff has not demonstrated that prison officials have improperly deducted money from his trust account with respect to the instant action. For these reasons, plaintiff's motion for an order directing prison officials to return funds to his trust account is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion requesting that the court order prison officials to return funds to his trust account (ECF No. 10) is denied;

2. Plaintiff's retaliation claim is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action;

3. The Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that plaintiff's claims alleging denial of access to the courts and violation of due process be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 14, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Spring2675.dis