UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. KHALIT, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-2675 JAM KJN P<br><br><br>ORDER |

Plaintiff has filed his second motion for an extension of time to file a second amended complaint pursuant to the court's order of November 14, 2018. Plaintiff also requests that the court provide him with a copy of the first amended complaint. Plaintiff alleges that he does not have access to his personal property because he is confined in a psychiatric facility undergoing psychiatric treatment.[1]

No defendants have been served. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs

---

[1] While plaintiff alleges that he is being denied access to his personal property, the undersigned infers that plaintiff is also being denied access to his legal property, based on plaintiff's request for a copy of the first amended complaint.

"necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir.1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The undersigned is concerned that the court may lose jurisdiction if plaintiff does not have access to his legal property. In addition to the first amended complaint, plaintiff requires access to the November 14, 2018 order screening the first amended complaint to prepare the second amended complaint. For these reasons, the Warden of the California Medical Facility ("CMF"), where plaintiff is housed, is directed to inform the court of the status of plaintiff's access to his legal property.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to serve this order and a copy of plaintiff's January 30, 2019 motion for extension of time (ECF No. 14) on Supervising Deputy Attorney General Monica Anderson and the Warden of the California Medical Facility, P.O. Box 2000, Vacaville, California, 95696-2000;

2. Within ten days of the date of this order, the Warden of the California Medical Facility shall inform the court of the status of plaintiff's access to his legal property.

Dated: February 6, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

spri2675.36sec

2