UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIRON B. SPRINGFIELD,

Plaintiff,

v.

M. KHALIT, et al.,

Defendants.

No. 2: 17-cv-2675 JAM KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint filed March 25, 2019. (ECF No. 18.) For the reasons stated herein, the second amended complaint is dismissed with leave to file a third amended complaint.

On November 14, 2018, the undersigned issued an order and findings and recommendations screening plaintiff's first amended complaint. (ECF No. 11.) The first amended complaint named as defendants law librarians Lindquist and Khalit (identified as defendant "Khalil" in the November 14, 2018 order and findings and recommendations), Law Librarian Supervisor Denneg and Correctional Officer Brady. (Id. at 1.) The first amended complaint raised claims alleging due process violations, retaliation and denial of access to the courts. The undersigned recommended that the due process and access to the courts claims be dismissed. (Id. at 11.) The undersigned dismissed the retaliation claim with leave to amend.

1

(Id.)

Defendants Khalit and Brady are named as defendants in the second amended complaint. In the second amended complaint, plaintiff alleges that on July 14, 2017, he filed a grievance alleging that defendants Khalit and Brady retaliated against him for filing a grievance alleging inadequate law library access.

Plaintiff alleges that on July 20, 2017 defendant Khalit retaliated against him for filing the July 14, 2017 grievance by failing to send an escort officer to take plaintiff to the law library as a Preferred Legal User ("PLU"). Plaintiff alleges that on July 20, 2017, defendant Brady retaliated against him for filing the July 14, 2017 grievance by failing to issue a ducat for plaintiff to attend the law library despite receiving the ducat.[1]

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the [detention] context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that [inmate's] protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

For the reasons stated herein, the undersigned finds that plaintiff has not plead sufficient facts demonstrating the first and fourth elements of a retaliation claim, i.e., adverse action and a chilling effect. To satisfy the pleading requirements for the fourth element, plaintiff must allege that defendants engaged in "acts that would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). An objective standard governs the chilling inquiry. Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009).

---

[1] In the second amended complaint, plaintiff also alleges that defendants Khalit and Brady denied him law library access on June 15, 2017 and retaliated against him for filing numerous Form 22s "and the forthcoming 602," i.e., the grievance allegedly filed on July 14, 2017. However, it appears that the retaliation claim in the second amended complaint is based on the allegation that defendants denied plaintiff law library access on July 20, 2017 in retaliation for the July 14, 2017 grievance.

To satisfy the pleading requirements for the second element of a retaliation claim, plaintiff must allege that the "defendant took adverse against the plaintiff," though "the adverse action need not be an independent constitutional violation." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). However, not every allegedly adverse action is sufficient to support a claim for retaliation under § 1983. Id. (harm must be "more than minimal") (quoting Rhodes, 408 F.3d at 568 n. 11); Bell v. Johnson, 308 F.3d 594, 603 (6th Cir. 2002) ("[S]ome adverse actions are so de minimis that they do not give rise to constitutionally cognizable injuries." (citing Thaddeaus-X v. Blatter, 175 F.3d 378, 396 (6th Cir. 1999).)

Plaintiff alleges that defendants denied him law library access on one occasion while he had PLU status. The undersigned finds that the denial of law library access on one occasion to an inmate with PLU status would not silence an inmate of ordinary firmness from future First Amendment activities, such as filing grievances. See Cheatham v. Benson, 2017 WL 5150788 at *10 (W.D. Mich. 2017) (denial of access to library on one occasion is not sufficiently adverse to deter a reasonable person from engaging in protected conduct); Polansky v. Wrenn, 2012 WL 5878384 at *3 (D.N.H. 2012) ("Occasional denials of access to the law library, delays in the availability of for-purchase items, and being required to pay for copies of documents, without more, are normal incidents of prison life. The court finds that the 'adverse acts' alleged are insufficient to deter an inmate of ordinary firmness from filing a lawsuit. The acts alleged are thus de minimis and cannot support a retaliation claim.")

The undersigned also finds that the denial of law library access on one occasion, without more, does not constitute an adverse action. See Meeks v. Schofield, 625 Fed.Appx. 697, 702 (6th Cir. 2015) (denial of access to the library on one occasion is de minimis conduct that does not constitute an adverse action); Gordon v. Bertsch, 2015 WL 10319307 at *10 (D.N.D. 2015) (the allegation that plaintiff was told on one occasion that he could not access the law library without more is not a sufficiently adverse action of an objective basis to satisfy the second element of a claim for retaliation); Anderson v. Akinjide, 2008 WL 2964145, at *6 (S.D. Tex. July 30, 2008) (denying prisoner access to law library on one occasion was de minimis).

////

3

Plaintiff does not claim that the alleged denial of law library access on July 20, 2017, had a chilling effect on his filing of future grievances. In fact, plaintiff alleges that the July 14, 2017 grievance alleged that defendants had previously retaliated against him for filing a grievance alleging inadequate law library access. Plaintiff's failure to allege that defendants' actions caused plaintiff to suffer a chilling effect supports the undersigned's findings that plaintiff has not plead sufficient facts in support of the fourth element of a retaliation claim.

The undersigned also observes that plaintiff has not alleged that the denial of law library access on one occasion caused him to suffer any harm.

For the reasons discussed above, plaintiff's second amended complaint is dismissed. Plaintiff is granted leave to file a third amended complaint to address the pleading defects discussed above.

Accordingly, IT IS HEREBY ORDERED that plaintiff's second amended complaint (ECF No. 18) is dismissed with thirty days to file a third amended complaint; failure to file a third amended complaint within that time will result in a recommendation of dismissal of this action.

Dated: April 18, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Spring2675.56

4